**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| NEW ORLEANS DON HOUSING, LLC, et al | * | CIVIL ACTION |
| | * | NO.  25-0363 |
| VERSUS | | |
| | * | SECTION: "I" (2) |
| UNITED STATES DEPARTMENT OF DON | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

**SUPPLEMENTAL DECLARATION OF THOMAS C. MCKELVEY**

I, Thomas C. McKelvey, declare as follows:

1. I am the Supervisory Public-Private Venture ("PPV") Business Agreement Manager for the Southeast Naval Facilities Engineering Systems Command ("NAVFAC SE"), Asset Management, Public Private-Venture Division and I am familiar with the procedures followed by NAVFAC SE, in responding to requests made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

2. In the course of my official duties, I am familiar with the records at issue in this case and with the searches and reviews conducted in response to Plaintiff's FOIA request.

3. I have personally supervised the preparation of a fully revised *Vaughn* Index for the records withheld or redacted by NAVFAC SE. This index was revised expressly to comply with the Court's Order and Reasons, which directed the agency to provide greater detail in its descriptions for specific withholdings and to articulate more fully the foreseeable harm associated with disclosure of all responsive records.

4. To comply with the Court's Order and Reasons for greater descriptions for specific withholdings and to articulate foreseeable harm for all records, it was necessary to fully revise the entire *Vaughn* Index. This full revision now describes each responsive record in explicit detail and not only provides a more meaningful review of the agency's withholding of the specific records identified by the Court (Documents 4–5, 7–11, 13–14, 16, 22–23, 25, 31–32, 36, 38–50, 65, 76, 80, 3P(a), 6P–8P, and 10P–11P), but gives new context to all responsive records and the foreseeable harm in releasing the same. The agency expanded its descriptions of all 83 documents that were withheld in full and all 12 documents that were withheld in part. For each document, the index now sets forth:

   - The author and recipient(s) (when available and not subject to withholding).

- The date of the document.

- The type of document.

- Whether the record includes any attachment.

- The FOIA request number that the record is responsive.

- The general subject matter or description of the record.

- The FOIA exemption(s) applied.

- An expanded explanation of the specific, identifiable foreseeable harm that would result from disclosure of the information.

5. The foreseeable harm assessments in the updated *Vaughn* Index were prepared in compliance with both the FOIA Improvement Act of 2016 and the Court's Order and Reasons, which collectively require detailed justifications showing how disclosure would reasonably be expected to cause specific, identifiable harm to an interest protected by one or more FOIA exemptions.

6. For example, if release of a predecisional intra-agency memorandum was withheld under Exemption 5, the updated *Vaughn* Index provides document-specific explanations that disclosure would foreseeably:

- Reveal internal agency deliberations, thus chilling candid discussion among agency employees.

- Risk mischaracterizing tentative views as final decisions, undermining the integrity of agency decision-making.

- Impair the agency's ability to make policy choices, thereby causing specific harm to the agency's deliberative processes.

Similarly, for withholdings under Exemption 4, the index explains how disclosure could foreseeably:

- Cause substantial competitive harm to a private entity by revealing confidential business information.

- Discourage third parties from providing sensitive information to the government in the future, impairing agency access to needed data.

7. With respect to communications between agency personnel and agency attorneys involving assignments, requests for legal advice, or legal investigations, disclosure would foreseeably cause significant harm in multiple respects:

- It would reveal attorney work product, including legal strategies, investigative approaches, and factual compilations prepared in anticipation of litigation.

- It would undermine the confidentiality of attorney–client communications, thereby impairing the ability of agency employees to seek candid legal advice without fear of public disclosure.

- It would chill frank communication between attorneys and agency decision-makers, weakening the agency's ability to defend its legal interests and to conduct effective, lawful investigations.

8. In addition to the above, I declare that disclosure of the information the DON is withholding under the deliberative process privilege would materially interfere with the Agency's ability to provide proper oversight of the Managing Member's financial operations and Project performance. As an example, significant portions of the withheld documents address the DON's position as to whether the DON would require the Project-through the Managing Partner - to repay the disbursement of two (2) loans from the Project's Recapitalization Fund (PRF) to the Project's reserve accounts.

9. Releasing the withheld documents would show discussions about the DON's oversight decisions prior to providing guidance to LNFH. If the DON and its consultant, TCG, knew that release was possible, they would be reluctant to record their views and engage in frank and open discussions. This would adversely affect the DON's oversight role as proper oversight requires a careful and balanced consideration of all possible arguments and rationales, even those that are ultimately not incorporated in the DON's final decision. Release of these documents would effectively mean that the DON would have to conduct nearly all its oversight operations via face-to-face meetings rather than via e-mails or other written communication in order to keep predecisional communications confidential.

10. All the withheld documents are inherently predecisional as the documents were generated in the course of determining the DON's final decision. Releasing these documents would show discussions about the DON's oversight decisions prior to providing guidance to LNFH.

11. This would adversely affect the DON's oversight role as proper oversight requires a careful and balanced consideration of all possible arguments and rationales, even those that are ultimately not incorporated in the DON's final decision.

12. Release of these documents would effectively mean that the DON would have to conduct nearly all its oversight operations via face-to-face meetings rather than via e-mails or other written communication in order to keep predecisional communications confidential.

13. I point out that the nature of providing oversight of financial operations and Project performance of another entity necessitates frank and open discussions amongst the members of the DON and its consultants.

14. The updated *Vaughn* Index was prepared under my direction and based on my review of the withheld or redacted records, in consultation with appropriate subject-matter experts and agency counsel. I am satisfied that the records have been accurately described, that the foreseeable harm justifications were tailored to the content of each individual document, and that the revisions meet the requirements set forth in the Court's Order and Reasons.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 19th day of September 2025, at Jacksonville, Florida.

*Thomas C McKelvey*
—————————————————————
Thomas C. McKelvey
Supervisory PPV Business Agreement Manager
Southeast Naval Facilities Engineering Systems Command (SE NAVFAC)

4

| Doc # | Type | Date | From: | To: | R | Subject Matter | Exemption | Foreseeable Harm |
|---|---|---|---|---|---|---|---|---|
| 1 | Email with attachment | 7/12/23 | The Concourse Group ("TCG") consultant | McKelvey | 1 | Internal discussions regarding consultant's proposed answers to LNFH's counsels arguments and demands to be discussed in upcoming meetings with respect to the following issues: (1) 2023-2024 insurance premium payment; (2) Operating Agreement & Trust Indenture revisions; (3) NONH & Patrician Management lawsuit against Project's insurance company for damages caused to the Project's property as a result of the passing of hurricanes Ida and Zeta and how the lawsuit proceeds should be distributed in the Project's accounts pursuant to the business agreements; (4) 2023 NONH's Budget; (5) 2022 Trust Account waterfall reconciliation; (6) DON demand for copy of Project's general ledger; (7) 2023 insurance deductible funding; (8) 2023-2024 Project's insurance policy; and (9) Managing Member's request to implement exceptions in calculating Property Manager's incentive fees.<br>**Attachment**- Consultant work product.<br><br>This document was marked as "Business Confidential". There was an express understanding between the DON and TCG that the document would be used exclusively by DON personnel. No release under FOIA was expected. | Deliberative/ Predicisional | Release of withheld documents would harm the protected interests of the MHPI Program including procuring project sustainability and the financial and operational integrity of the Project. Documents withheld reflect the opinions of agency employees and do not reflect the agency's final decision. Should the withheld documents be released it would risk the agency's ability to conduct comprehensive and robust internal debate on proper use of funds and safeguard against waste or mismanagement by private housing providers. |
| 2 | Email chain with attachment | 5-4-23 | TGC | NAVFAC LANT/HQ/SE | 1 | Internal discussions on proposed response to plaintiff's request for a Project loan. Document includes a draft response with possible scenarios under which a loan (from Member-controlled accounts/reserve accounts) could be approved to cover insurance premium cost which is an operational cost of the Project.<br><br>NAVFAC HQ PPV attorney John Masterson was made part of this preliminary discussion of a potential response since the request was directed to HQ instead of NAVFAC SE.<br><br>Internal discussion on Agency's action moving forward to respond to Plaintiff's request for a third PRF/MORA loan.<br><br>Attachment- TCG's draft of a proposed answer to be evaluated by NAVFAC PPV personnel. Discussed concerns on the substantial underfunding of the Tax & Insurance Escrow, the need to ensure a realistic operating budget is in place for 2023 that demonstrate the ability to fund the Tax and Insurance Escrow and debt service, and maintaining a balance in the project recapitalization fund (PRF) and member operating | Deliberative/ Predicisional | Release of withheld documents related to the review and evaluation of LNFH's third request of a PRA/ORA direct disbursement (requested to cover insurance premiums and other costs) would harm the agency's deliberative process in determining whether the proposed direct disbursement of a Project's long-term reserved accounts to cover an operational cost would harm the protected interests of the MHPI Program. It would also reveal internal approvals, recommendations, and intra-agency discussions among different levels in the command structure. Documents withheld reflect opinions of DON employees and do not reflect the agency's final decision. Should the withheld documents be released it would risk the agency's ability to conduct comprehensive and robust internal debate on proper use of funds and safeguard against waste or mismanagement by private housing providers. |
|  |  | 5-5-23 | McKelvey | SE PPV TEAM |  |  |  |  |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | reserve account (MORA) that can cover the deductible of $4M in the event of a hurricane. | | |
| 3 | Email chain with png images | 8/21/23 | TGC | McKelvey | 1 | Evaluation of another PPV Project (Kingsville II) and another Managing Member (Hunt Military Communities) proposed course of action related to payment of insurance premiums. This communication contains proprietary data/information of another PPV Project to use as an example to reach a solution to the issues raised by LNFH on insurance premiums.<br><br>Internal discussion regarding potential litigation to be filed by LNFH and topics to be discussed with Agency's counsel. | Exemption 4/ Predecisional/ Deliberative | Release of withheld documents would reveal internal assessment of risk, tentative agency positions, and internal analysis, stifling the open exchange of ideas and potentially disclosing the agency's prelitigation strategy.<br><br>Additionally, exemption 4 must be applied to the portion of the document that discloses confidential business communications between the agency and another privatized housing project. Should confidential business communications and proprietary data be released to the public, it would threaten the efficiency of public-private partnerships and hinder DON's ability to obtain necessary information from privatized housing entities hindering the quality of DON's oversight. |
| | | 8/22/23 | McKelvey | TGC | | Internal discussion of potential litigation topics -reduction of BAH claim and Member's bad faith. Discussed the inability of Project LLC to sue one of its members vis a Member v. Member claim/litigation. Discussion of conflict of interest of Project LLC paying the attorney's fees of the attorney representing the interest of the Managing Member. Discussed topics to be discussed with DON counsel due to impending litigation against the DON as non-managing member of the Project LLC. | Deliberative/ Predecisional | |
| | | 8/22/23 | TGC | McKelvey | | | Deliberative/ Predecisional | |
| 4 | Email with attachment | 6-27-23 | McKelvey | NAVFAC SE/LANT/HQ/ TGC/SE legal Counsel | 1 | Internal discussion on topics discussed during meeting with LNFH and its counsel. Attachment includes reference to evidence that sustains DON's argument and position in preparation for litigation. Also provides Agency's steps moving forward. | Deliberative/ Predecisional | Release of withheld documents would reveal internal assessment of risk, tentative agency positions, and internal analysis, stifling the open exchange of ideas and potentially disclosing the agency's prelitigation strategy |

| 5 | Email chain with attachment | 6-22-23 | McKelvey | NAVFAC SE/LANT/HQ/ TGC/SE and DON's legal Counsel | 1 | Duplicate of document #4 | Deliberative/ Predicisional | Release of withheld documents would reveal internal assessment of risk, tentative agency positions, and internal analysis, stifling the open exchange of ideas and potentially disclosing the agency's prelitigation strategy. |
| | | 7-17-23 | McKelvey | NAVFAC SE/LANT/HQ/ TGC/SE and DON's legal counsel | | Internal discussion on agenda topics to be proposed for the upcoming meeting with the LNFH including proposed strategy to follow during meeting since litigation is expected. | | • Communications from EMAX—Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment about management failures, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental advice. |
| | | 7-20-23 | TGC | NAVFAC SE/LANT/HQ/ TGC/SE legal Counsel | | Internal discussion on the two options sent by Plaintiff's legal counsel re: repayment of loan from the MORA and PRF Project Accounts. The email provides TGC's analysis for each repayment option presented by Plaintiff's legal counsel and provides an opinion of each proposed repayment to the DON to aid in the decision making. | | • Communications from EMAX—Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment about management failures, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental advice. |
| 6 | Email chain with attachment | 2-24-23 | NAVFAC CSO Team | NAVFAC SE/HQ/LANT | 1 | Internal discussion NAVFAC CSO TEAM's opinion of Plaintiff's proposed blanket insurance policy and the rationale for requesting more information since they believe the Managing Member has underinsured the Project. Proposed action moving forward. | Deliberative Process/ Predecisional | Documents withheld reflect the opinions of agency employees and do not reflect the agency's final decision. Should the withheld documents be released it will negatively affect the willingness of agency personnel to engage in forthright discussions and would discourage employees from honestly reporting concerns, thereby lowering the quality of DON's oversight and agency decisions. |
| | | 2-24-23 | NAVFAC CSO Team | NAVFAC SE/HQ/LANT | | NAVFAC CSO TEAM's providing additional information on Plaintiff's proposed blanket insurance policy and the rationale for requesting more information | Deliberative Process/ Predecisional | |
| 7 | Email chain with attachment | 6-22-23 | TGC | NAVFAC SE/HQ/LAnt/ NAVFAC legal counsel | 1 | Internal discussion revealing legal strategy provided by DON's legal counsel Edna M. Tejeda-Oyola due to impending litigation. Attachment includes reference to evidence that sustains DON's argument and position in preparation for litigation. Also provides Agency's steps moving forward. | Attorney Work Product/ Attorney client Communication/ Deliberative Process/ Predecisional | Release of withheld documents would harm the legal interest of the agency as well as reveal the agency's legal strategy. |
| | | 6-23-23 | McKelvey | NAVFAC SE/LANT/CSO/NAV FAC legal counsel | | Internal discussion on opinions regarding attorney suggested approach to meeting topics. | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 8 | Email chain with attachment | 3-2-23 | NAVFAC SE employee | NAVFAC SE Team | 1 | Internal discussion regarding NAVFAC SE's employee work product re: chart comparing what the Managing Member is requesting and what DON could offer as a concession to be discussed internally before requesting concurrences from NAVY Region and NAVFAC LANT. Included rationale used to support each action. | Deliberative Process/ Predicisional | Release of withheld documents will negatively affect the willingness of agency personnel to engage in forthright discussions and would discourage employees from honestly reporting concerns, thereby lowering the quality of DON's oversight and agency decisions. |
| 9 | Email chain with attachment | 7-27-23 | McKelvey | NAVFAC SE/LANT/TGC/CSO/ NAVFAC SE legal counsel | 1 | Internal discussion on agency's employee opinion with respect to topics discussed during a meeting with plaintiff and their counsel. Attachment includes reference to evidence that sustains DON's argument and position in preparation for litigation. Also provides Agency's steps moving forward. | Deliberative process/ Predecisional | Documents withheld reflect the opinions of agency employees and do not reflect the agency's final decision. Should the withheld documents be released it will negatively affect the willingness of agency personnel to engage in forthright discussions and would discourage employees from honestly reporting concerns, thereby lowering the quality of DON's oversight and agency decisions. |
| 10 | Email | 7-28-23 | NAVFAC SE employee | NAVFAC SE Team | 1 | Internal discussion on application and interpretation of business agreements (OA) to define capital transactions and rationale of why funds should be deposited into the Casualty Condemnation Fund. | Deliberative Process/ Predecisional | Documents withheld reflect the opinions of agency employees and do not reflect the agency's final decision. Disclosure would make public the agency's internal deliberations and internal financial reasoning. |
| 11 | Email chain | 2-10-21 | Command Navy Installation Command (CNIC)'s employee | NAVFAC SE/ Region Command Team | 1 | Internal discussion regarding Project's funding issues and the need to expedite the resolution of the issues. | Deliberative/ Predecisional | Release of withheld documents would harm the agency's deliberative process as it would also reveal internal approvals, recommendations, and intra-agency discussions among different levels in the DON structure. Documents withheld reflect the opinions of employees and do not reflect the agency's final decision. If released, it would reduce the flow of honest, diverse opinions and will impair the agency's ability to fully weigh the merits and drawbacks of possible actions. |
| | | 2-11-21 | McKelvey | CNIC employee | | Internal discussion of supported commands approval process for PRA loan to cover the repair work at the Project. | | |
| | | 2-11-21 | CNIC's employee | McKelvey | | Internal discussion of supported commands decision process regarding funding. | | |
| 12 | Email chain with attachments | 5-23-23 | McKelvey | NAVFAC PPV Director/ NAVFAC SE/LANT/CSO Team/TGC/ NAVFAC SE Legal Counsel | 1 | Internal discussion on draft of OA revisions prior to sending to LNFH for review and comments. Includes analysis made of the following: Capital replacement reserve expenditures and 2020 budget (2017-2021); debt service schedule of payments; Project's cash flow; Project's Payroll Budget 2023; and analysis of Project's Operating Budget Jan.1-Dec. 31, 2023. | Deliberative Process/ Predecisional | Documents withheld reflect the opinions of agency employees and do not reflect the agency's final decision. Release will negatively affect the willingness of agency personnel to engage in forthright discussions and would discourage employees from honestly reporting concerns, thereby lowering the quality of DON's oversight and agency decisions. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 13 | Email with attachments | 8-23-23 | McKelvey | NAVFAC SE/ LANT/CSO Team/TCG and NAVFAC SE legal counsels Edna M. Tejeda-Oyola and Luke Killam | | 1 | Internal discussions regarding meeting topics on 8-10-23 and 8-17-23. Attachment includes reference to evidence that sustains DON's argument and position in preparation for litigation. Also provides Agency's steps moving forward.<br><br>Considering impending litigation, it further requests NAVFAC SE legal counsel to take action and conduct legal investigation of issue raised by the agency. | Deliberative/ Attorney client communication | Should the withheld documents be released it would harm the legal interest of the agency as well as reveal the agency's legal strategy. |
| 14 | Email with attachment | 7-24-23 | McKelvey | NAVFAC SE/LANT/CSO TEAM/TGC/NAVFAC SE legal counsel Edna M. Tejeda-Oyola and Luke Killam | | 1 | Internal discussions with respect to meeting topics on 7-20-23. Attachment includes reference to evidence that sustains DON's argument and position in preparation for litigation. Also provides Agency's steps moving forward. | Deliberative/ Predicisional | Documents withheld reflect the opinions of agency employees and do not reflect the agency's final decision. Disclosure would expose frank, predecisional staff viewpoints and recommended course of action, stifling internal "policy" debate and potentially signaling future government strategy to outside stakeholders before any decision is final. |
| 15 | Email chain with attachment | 3-22-23 | NAVFAC LANT Employee | NAVFAC SE/LANT/TCG | | 1 | Internal discussion whereby employee shares opinion on Project's risk profile and LNFH's proposal to finance the cost of insurance premiums. | Deliberative/ Predicisional | Release will negatively affect the willingness of agency personnel to engage in forthright discussions and would discourage employees from honestly reporting concerns, thereby lowering the quality of DON's oversight and agency decisions. |
| | | 3-22-23 | TCG | NAVFAC LANT/SE/ | | | Internal discussion on outstanding items re: total insurance premium cost and allocation and provided suggested topics/ inquiries to be made about the subject. | | |
| | | 3-22-23 | NAVFAC LANT employee | NAVFAC LANT/SE/TCG | | | Internal discussion whereby DON employee shares topics to be discussed up the chain of command considering LNFH requests to the DON. | | |
| 16 | Email chain | 5-3-23 | PPV Director NAVFAC HQ | NAVFAC LANT/HQ/SE | | 1 | Internal discussion regarding conflict of interest of Project LLC paying the attorney's fees of the attorney representing the interest of LNFH which does not align with the interest of all the members of the LLC with respect to the 2023 loan request. Discussed topics to be discussed with DON's counsel due to impending litigation against the DON as non-managing member of the Project LLC. | Deliberative /Predicisional | Documents withheld reflect the opinions of agency employees and do not reflect the agency's final decision. If released, it would risk the agency's ability to conduct comprehensive and robust internal debate on proper use of funds and safeguard against waste or mismanagement by private housing providers. |
| | | 5-3-23 | TCG | McKelvey | | | Internal discussion with respect to financial analysis of premium payments from 10 April to prepare the Assistant Commander for Asset Manager for the upcoming meeting with LNFH manager and agent. | | |
| | | 5-4-23 | McKelvey | NAVFAC SE/LANT/HQ/CSO Team | | | Internal discussion of TCG's financial analysis in aid of the agency's decision-making process. | | |

| | | 5-4-23 | NAVFAC CSO Team employee | McKelvey | | Internal discussion of agency employee's thoughts, notes and opinion on TCG's analysis. | | |
|---|---|---|---|---|---|---|---|---|
| 17 | Email chain | 3-23-23 | McKelvey | NAVFAC SE/LANT/CSO Team/ TCG | 1 | Internal discussion of the Project's agents communication from 3-22-23 re: Project's inability to cover insurance renewal premium cost due to insufficient funds in their accounts; discussed LNFH unwillingness to reduce operating budget expenses and proposal to use Project's ORA account funds to pay for the cost of insurance premium.<br><br>Internal discussion on agency's employees position on LNFH's request and rationale used. | Deliberative/ Predecisional | Documents withheld reflect the opinions of agency employees and do not reflect the agency's final decision. Release will negatively affect the willingness of agency personnel to engage in forthright discussions and would discourage employees from honestly reporting concerns, thereby lowering the quality of DON's oversight and agency decisions. |
| | | 3-23-23 | NAVFAC LANT's employee | McKelvey | | | | |
| 18 | Email chain | 5-2-23 | McKelvey | NAVFAC LANT/SE/ CSO Team/TCG | 1 | Internal discussion on Project's failure to cover impending insurance premium payment, and LNFH unwillingness to reduce operating budget expenses, provide financial information in operating accounts that could be used for down/partial payment of premiums. Discussed LNFH's disregard to comply with loan repayment requirement and provide a detailed plan to address the insurance premium shortfall. Includes Agency's proposed way ahead in light of issues listed and the need to ponder a dissatisfaction letter. This communication includes a duplicate of Document #17. | Deliberative/ Predicisional | Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment about management failures, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental advice. |
| | | 5-2-23 | NAVFAC LANT employee | NAVFAC LANT/SE/ CSO Team/TCG | | Internal discussion regarding agency's employee concerns on default with lender and non-compliance with Ground Lease. Employee requested involvement of Agency's legal Counsel due to LNFH's refusal to execute loan repayment documents required for the current MORA loan and for prior loans. Suggested courses of actions DON must take to safeguard the Project's financial wellbeing. | | |
| 19 | Email chain with attachments | 4-10-23 | McKelvey | NAVFAC HQ/LANT/CSO Team/TCG | 1 | Internal discussion on  Documents17 and 18 as well as TCG's analysis on the following issues: insurance premium costs; cause of increase; optional parametric policy; change in allocation among all the properties in portfolio and recommended next steps to determine Project's financial risk after evaluating NONH's income in comparison with other PPV Projects; Debt service schedule of payments; Capital | | Disclosure would reveal the agency's ongoing deliberations and internal financial reasoning, discouraging candor in future communications, weakening the government's ability to negotiate or enforce repayment and potentially signaling unapproved strategies to outside parties. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Replacement Reserve Expenditures and 2022 Budget; NONH 2023 Budget Executive Summary; Project Occupancy rate at the Project; Funds allocated for use on Property Incentive Management Fee and Asset Management Fee; Net Income from Operations; Funds availability in each Project account; Project's expenses. | | |
| | | 4-10-23 | NAVFAC CSO Team Employee | NAVFAC HQ/LANT/CSO Team/TCG | | Sharing thoughts and questions on the analysis and requesting an additional employee from her team be included in the discussions. | | |
| | | 4-11-23 | NAVFAC SE employee | NAVFAC SE Team | | Shared opinion and thoughts on what are the ideal budget scenarios that LNFH should be presenting to the DON. | | |
| | | 4-11-23 - 4-1-23 | NAVFAC SE employee | NAVFAC SE employee | | Open discussion on budget issues that need correction. Various emails exchanged between the employees. | | |
| 20 | Email chain with attachments | 5-16-23 | McKelvey | NAVFAC HQ/LANT/SE/CSO Team/ NAVFAC SE Attorney | 1,2, 6 | Internal discussion on draft letter: Dissatisfaction letter and requesting legal counsel's input. | Deliberative process/ Attorney client communication. | Documents withheld reflect the opinions of civilian employees and do not reflect the agency's final decision. Should the withheld documents be released it would compromise DON's oversight proceedings which are mandated by Congress and would impair internal discussions and deliberations. |
| | | 5-17-23 | TCG | Same as above | | Internal discussion of TCG's recommendations on the following: analysis of loan structure; proposed language for OA addendum. | Predicisional/ Deliberative process | |
| | | 5-18-23 | NAVFAC LANT employee | Same as above | | Internal discussion oof NAVFAC LANT's employee's opinion, comments and input to the dissatisfaction letter. | | |
| 21 | Email chain | 7-26-23 | NAVFAC SE Legal Counsel Edna M. Tejeda-Oyola | TCG/McKelvey and attorney Luke Killam | 1 | Internal discussion with agency's attorney re: assessing strategy for upcoming meeting with LNFH considering impending litigation. | Attorney Client Communication/Attorney Work Product | Release would harm the agency's deliberative process since making this legal advice public would directly reveal the government's evolving legal theories and interpretation uncertainties, disadvantaging the agency in future contractual or legal disputes related to similar transactions. |
| | | 7-26-23 | McKelvey | NAVFAC HQ/LANT/SE/CSO Team/NAVY legal counsel | | Internal discussion re: legal counsel suggested actions and requested efforts from the Team moving forward. | Deliberative Process/ Predecisional/ Attorney Work | |

| | | | | | | | | product discussed intra-agency | |
|---|---|---|---|---|---|---|---|---|---|
| | | 7-26-23 | TCG | Same as above | | Internal discussion of legal and financial analysis questions posed by NAVFAC's legal counsel on various topics regarding LNFH's proposals to replenish the funds from a MORA loan. | | | |
| 22 | Email chain with attachment | 8-10-23 | McKelvey | NAVFAC SE/LANT/CSO Team/ TCG/ NAVFAC legal counsel Edna Tejeda-Oyola and Luke Killam | 1 | Internal discussion on topics discussed during meetings celebrated on 8-4-23 which included topics that needed DON review; discrepancies between the two parties; proposed DON action on certain issues moving forward with LNFH and its counsel and suggested DON response to LNFH re: OA amendments for handling of MORA loan. Attachment includes reference to evidence that sustains DON's argument and position in preparation for litigation. Also provides Agency's steps moving forward. Document includes a copy of communication sent by the DON to LNFH on 8-9-23 relaying its decision to LNFH and its counsel re: rejection of proposed sunset provision in the OA since cash flow analysis shows that no repayment of the accounts was achievable prior to the year 2030. DON restated its proposed language to the OA, if adopted, provides flexibility to allow for potential loans in the future. DON further communicated its willingness to forgive past PRF and MORA loan repayment due to the Project's financial hardship and counting any excess insurance proceeds deposited in the MORA account as repayment of any MORA loan that may be provided.  DON also requested a copy of the construction consultant reports (after hurricane repairs) for its records since a certificate from the construction consultant is required for the trustee to release the insurance proceeds received by the Project. This would also be required by DON's auditors. | Deliberative Process/ Predecisional | Release would expose frank, predecisional staff viewpoints and recommended course of action, stifling internal "policy" debate and potentially signaling future government strategy to outside stakeholders before any decision is final. |
| 23 | Email chain | 5-5-23 | Scott Forrest | NAVFAC SE/NAVFAC HQ PPV Director/CSO Team/ TCG/ | 1 | Internal discussion of the emails exchanged with LNFH's principal, Alex Lewis, on 5-2-23 and 5-5-23 and discussed the agency's internal decision on who should process the request and why. Discussion of need to request an analysis from TCG regarding discussion points in preparation for phone call with LNFH and recommendations. | Deliberative Process | Disclosure would reveal frank internal advice and strategic considerations under active negotiations with the Plaintiff. Release of these discussions would likely chill candid internal debate and disadvantage the agency in ongoing negotiations by exposing its evaluation criteria and fallback positions |
| 24 | Email chain | 4-10-23 | TCG | NAVFAC SE | 1 | Internal discussion of TCG's memoranda/analysis requested by the DON showing optional insurance parametric policy, causes of the increase, analysis of allocation among all of the Project's properties and providing recommendations. | Deliberative/ Predicisional | Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment about management failures, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental |
| | | 4-12-23 | McKelvey | TCG | | Internal discussions of parametric insurance and budget | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | impacts to the Project. TCG provided assessment on risk factors. TCG and DON discussed LNFH litigation against their insurance broker and insurance carriers which could be affecting the cost of premiums and their opinion of what factors contributed to the Managing Member's inability to secure proper coverage for the Project. Further discussed pleadings filed in the open and active litigations filed by LNFH and how the statement made in the pleadings and judgment rendered supported the DON's concerns. Discussed lack of sufficient information on the active and pending litigation filed against insurance broker and insurance carriers. | | advice. Release would risk disrupting ongoing internal review, harming the integrity of the agency oversight investigations. |
| 25 | Email chain | 7-19-23 | TCG | NAVFAC SE/CSO Team | 1,6 | Internal discussion re: Project's cash flow analysis projecting how the MORA loan would be repaid comparing 3 scenarios: Status Quo, MORA treated as a gift and MORA loan. It also provided an analysis of when the Tax & Insurance escrow account would be fully funded under each scenario, amount of reserve deposits, accrued fees and distributions and discussed what the projected balance of the Project's MORA account would be in the year 2030. This analysis was intended to aid the DON in its evaluation of the scenarios proposed by LNFH and other potential scenarios. The protected interest is the financial stability of the Project. | Deliberative Process/ Predecisional | Release would harm the protected interests of the MHPI Program including procuring project sustainability and the financial and operational integrity of the Project. Release will deter agency personnel from engaging in forthright discussions and would discourage employees from honestly reporting concerns, thereby lowering the quality of DON's oversight and agency decisions. |
| 26 | Email chain | 8-9-23 | McKelvey | TCG | 1,6 | Internal discussion on need to draft email to be sent to LNFH; request of TCG's input and additional rationale to be added to letter. | Deliberative Process/ Predecisional | Disclosure would inhibit candid internal discussions and discourage robust debate, leading to less effective policy development and reduced quality of the agency decisions. |
| 27 | Email with attachment | 4-20-23 | TCG | NAVFAC SE | 1,6 | Internal discussion on TCG's recommendations for funding the 2023 insurance premiums to be discussed internally with the DON team. | Deliberative Process/ Predecisional | Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment about management failures, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental advice |
| 28 | Email with attachment | 4-3-23 | TCG | NAVFAC SE | 1,6 | Internal discussion on TCG's recommendations on proposed language to amend business agreements to account for MORA loan in potential OA amendment and rationale behind it. Included thoughts and opinions on Asset Management incentive fees and how they would be funded by the Project under this scenario. This document included a copy of emails exchanged between the DON and LNFH between 3-30-23, 3-31-23 and 4-3-23. | Deliberative Process/ Predecisional | Release of withheld documents would expose frank, predecisional staff viewpoints and recommended course of action, stifling internal "policy" debate and potentially signaling future government strategy to outside stakeholders before any decision is final. |

| 29 | Email chain | 8-10-23 | TCG | NAVFAC SE | 1,6 | Internal discussion of analysis of the business agreements clauses the DON team must review when analyzing excess insurance proceeds.<br><br>TCG requested NAVFAC SE legal counsel's assessment on contract interpretation. | Deliberative Process/ Predecisional | Release of withheld documents would expose frank, predecisional staff viewpoints and recommended course of action, stifling internal "policy" debate and potentially signaling future government strategy to outside stakeholders before any decision is final. |
| 30 | Email chain | 5-24-23 | McKelvey | NAVFAC PPV Director/NAVFAC LANT/TCG | 2 | Internal discussion on NAVFAC chain of command opinion, comments and input on proposed Letter of Dissatisfaction drafted by NAVFAC SE's legal counsel and provided rationale of its content. This document includes a copy of the communications exchange between LNFH and the NAVFAC SE from 5-10-23, 5-11-23,5-12-23,5-23-23.<br><br>Internal discussion of issues discussed in the dissatisfaction letter and recommendations of strategy to follow. | Deliberative Process/Attorney Work Product discussion | Making this preliminary draft public would directly reveal the government's evolving legal theories and interpretation uncertainties, disadvantaging the agency in future contractual or legal disputes related to similar transactions. |
| | | | NAVFAC HQ Director | NAVFAC SE | | Summarized discussion had with NAVFAC SE attorney-Edna M. Tejeda-Oyola- regarding strategy to follow with dissatisfaction letter. | | |
| | | 5-25-23 | NAVFAC LANT | NAVFAC SE | | Included response from NAVFAC SE to input, concerns and discussion. | | |
| 31 | Email chain | 4-5-21 to 4-21-21 | NAVFAC SE employees internal | NAVFAC SE employees internal/TCG | 9 | Internal discussions on LNFH's refusal to execute PRF Loan Repayment Agreement notwithstanding DON approval of hurricane Zeta repairs ($1M PRA distribution subject to repayment), PRA requisition Form; NONH-2020 Hurricane Zeta PRF Loan draft dated 4-9-21. Internal discussions included debt service concerns, repayment agreement terms and conditions as well as a copy of communications exchanged with LNFH on 3-24-21 providing proposed PRA loan repayment agreement to be discussed between Members of NONH. | Deliberative Process | Release of deliberative discussions will hinder the quality of agency decisions because the prospect of disclosure would make staff less likely to write honestly and fully develop ideas, weakening decision making process. |
| 32 | Email chain | 3-12-22 | NAVFAC LANT employee | NAVFAC SE | | Internal discussion on IPR, raised BHR and investor's concerns over debt repayment.<br>LANT raised concerns re: LNFH's resistance to executing repayment agreements for the loans already been provided in good faith. Discussed concerns on Managing Member's failure to comply with the implied contract reached by the Members of NONH on loan repayment and emergency disbursement of funds to protect the military families that live in the Project. Discussed financial impact this could have on the Project and | Deliberative/ Predecisional | Disclosure of withheld documents would reveal frank internal advice and strategic considerations under active negotiations with Plaintiff. Release of these discussions would likely chill candid internal debate and disadvantage the agency in ongoing negotiations by exposing its evaluation criteria and fallback positions |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | need to discuss with Managing Member as soon as possible.<br><br>Internal discussion re: concerns on Managing Member's position not to execute loan repayment agreement; discussed Trust indenture addendum which was approved and was drafted with Trustee's participation. Notwithstanding Trustee and DON approval of repayment agreements terms and conditions Managing Member never executed repayment agreement on behalf of the Project. | | |
| | | 3-15-22 | McKelvey | NAVFAC LANT/SE/CSO Team/TCG | | | | |
| 33 | Email chain | 7-24-23 | NAVFAC CSO team employee | NAVFAC SE | 3 | Internal discussion on specific issues/items that will be reviewed during in person inspection of Project books and ledgers to strategize how to best approach the task. Listed concerns: payments made to Patrician employees, sub-contractors, other payments that are not aligned with cash flow distributions, verification of hurricane related expenses and track 2019 expenses related to hurricane damages. | Deliberative/ Predecisional | Release would reveal internal approvals, recommendations, and intra-agency discussions regarding the Project's financials. We note that documents withheld reflect the opinions of civilian employees and do not reflect the agency's final decision. Should the withheld documents be released it would compromise DON's oversight proceedings which are mandated by Congress and would impair internal discussions and deliberations. |
| 34 | Email chain | 7-25-23 | NAVFAC SE employee | NAVFAC SE/CSO team | 3 | Internal discussion re: plan of action for Baton Rouge DON in person review of Project's financials 2020-2023. Including review of 2020  General Ledger and extra topics that DON needs to discuss with LNFH employees re: Capital accounts, LNFH distribution account, need to correct DSCR for Quarterly DSCR report; proper distribution of 606 payment to Project accounts, discussion of ways to increase CRR budget, discuss how hurricane expenses should be accounted for; waterfall distribution of income must comply with Trust Indenture. This plan of action was to be discussed internally to reach a consensus. | Deliberative/ Predecisional | Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment about management failures, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental advice. |
| | | 7-26-23 | NAVFAC SE | NAVFAC LANT/NAVFAC CSO TEAM | | Internal discussion of plan of action and request of input and approval up the chain of command. Additional internal emails in reply to requests of input and approval. | | |
| 35 | Email chain | 7-24-23 | NAVFAC CSO Team employee | NAVFAC SE | 3 | Internal discussion of LNFH's resistance to providing Project's financials during in person review and discussed strategy as to what to do if that should happen. | Deliberative/ Predecisional | Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment about management failures, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental advice. |

| 36 | Email chain with attachment | 8-8-23 to 8-9-23 | NAVFAC SE employee | NAVFAC CSO Team employee | 3 | Internal discussion of evidence provided by LNFH to the DON re: copy of invoices and any supporting documentation to substantiate purpose/validity of payments made by the Project during 2020 and 2021. Discussion included opinions and concerns regarding the data provided by the Managing Member and the further efforts to be made by the DON to audit expenses. | Deliberative/ Predecisional | Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment about management failures, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental advice. |
|---|---|---|---|---|---|---|---|---|
| 37 | Email chain | 7-17-23 | McKelvey | TCG | 1,6 | Internal discussion with TCG as to best course of action since tension is rising between the parties. This communication includes a duplicate of Document #1 dated July 12- copy of TCG's recommendations to NAVFAC SE of potential responses to LNFH on open issues discussed in Document #1. | Deliberative/ Predecisional/ required Legal counsel's assessment on issue. | Release will negatively affect the willingness of agency personnel to engage in forthright discussions and would affect the quality of DON's oversight and agency decisions. |
| | | 7-17-23 | TCG | McKelvey and NAVFAC SE Legal counsel Edna M. Tejeda-Oyola and Luke Killam | | Discussed issues brought by LNFH's legal counsel during meeting of OA interpretation and requested legal counsel's input and interpretation of the OA clauses. | | With regards to the portion of the document that is protected by attorney client communication/ attorney work product, release would harm the legal interest of the agency as well as reveal the agency's legal strategy. |
| | | 7-27-23 | McKelvey | TCG/ NAVFAC SE legal counsel Edna M. Tejeda-Oyola and Luke Killam | | Requested TCG an analysis of excess proceeds distribution and requested evaluation of any OA clause that would allow to accommodate LNFH's request to treat insurance proceeds differently to what the OA mandates. | | |
| | | 7-31-23 | TCG | Same as above | | TCG provided analysis of Trust Indenture and OA on excess insurance proceeds and how it should be distributed in the Project's accounts. Discussed the data that must be provided by the Managing Member to the Trustee for approval of funds transferred from the Casualty and Condemnation Fund to other accounts. LNFH's attorney is proposing to deposit the excess insurance proceeds in accounts that are not controlled by the Trustee to circumvent the business agreement's terms and conditions. Opened the topic for further discussion. | | |
| 38 | Email chain with attachment | 9-8-21 to 9-10-23 | NAVFAC SE employees/ CSO Team | NAVFAC SE employees/CSO Team | 3 | Internal discussion on DON's 2020 duplicate payment of 606 funds to the Project (confusion of the amount; if $1M or $459k) and requesting internal guidance if these funds could be used to pay hurricane repairs while future reimbursement submissions are processed. Discussed data/evidence the Managing Member must submit to the DON to review where the money was deposited and why since the money is not showing up in the Revenue Fund reserve account. Discussed oversight efforts to be done by the DON. | Deliberative/ Predecisional | Release would reveal internal approvals, recommendations, and intra-agency discussions among different levels in the DON's structure. Documents withheld reflect the opinions of DON employees and do not reflect the agency's final decision. If released, it would chill predecisional discussions, expose agency deliberations undermining effective management of MHPI protected interests. |

| 39 | Email chain | 2-1-21 to 2-4-21 | NAVFAC HQ | NAVFAC LANT/SE | 9 | Internal discussion on Managing Member's request to HQ for PRA disbursement of $1M for hurricane Zeta repairs and why initially denied by the DON due to sufficient funds in Project's accounts. Discussion of DON's rationale for requesting disbursement of PRF funds be treated as a loan and the risk to Project's sustainment's balance due to loan/disbursement. Discussed Project's 2020 Sustainment Plan accuracy and concerns on project's current cash flow DCR reporting, lack of ODP submissions and ongoing roof issues. All protected interests/ oversight issues the DON must review and decide on.<br><br>Internal DON approval process disclosed in the email communications.<br>The communications included a copy of email exchanged between NAVFAC LANT and LNFH on 1-28-21 re: operating account running low, stop work on restoring property, outstanding utility bills, PRA account disbursement requested ($1M) to continue restoration work, loan v. disbursement without repayment; insurance proceeds are pending. | Deliberative/ Predicisional | Disclosure would reveal the agency's ongoing deliberations and internal financial reasoning, discouraging candor in future communications, weakening the government's ability to negotiate or enforce repayment and potentially signaling unapproved strategies to outside parties. |
| 40 | Email chain | 8-15-22 to 8-16-22 | NAVFAC SE employee | NAVFAC Legal counsel Luke Killam | 8 | Request to NAVFAC SE legal counsel to interpret a contract definition and provide legal assessment. Response provided by attorney. Additional email exchanges between client/attorney on contract interpretation provided. | Attorney Client communication | Release will reveal the government's evolving legal theories and interpretation uncertainties, disadvantaging the agency in future contractual or legal disputes related to similar transactions |
| 41 | Email chain | 8-15-22 to 8-16-22 | NAVFAC SE employee | NAVFAC legal Counsel Luke Killam/LANT | 8 | Duplicate of Document #40. | Attorney Client communication | Same as above. |
| 42 | Email chain | 3-24-23 to 3-26-23 | NAVFAC SE employee | McKelvey | 8 | Internal discussion on NONH 2021 PMIF Executive Summary, Partner's request and the back-up calculator before sending up the DON's approval chain. These communications disclose the internal approval process, recommendations and discussions among different levels in the command structure. | Deliberative/ Predicisional | Documents withheld reflect the opinions of DON employees and do not reflect the agency's final decision. Should the withheld documents be released it will hinder frank discussions on matters of MHPI policy and protected interests of the MHPI program between superiors and subordinates since employees might hesitate to express unpopular, controversial, and preliminary views in writing knowing that their internal discussions would be released to the public. Furthermore, it would undermine future agency deliberations. |

| 43 | Email chain | 3-28-23 | NAVFAC SE | Supporting Commands (CNIC/ Region) | 8 | Internal DON discussion with supporting commands (CNIC/Region/Installation) on Property Manager Incentive Fee (PMIF) scoring results. Discussed factors that were taken into consideration while reviewing the 2021 NONH PMIF request letter and Executive Summary. Discussed application of HQ guidance related to COVID-19 force majeure rationale which allows reallocation of points previously assigned to routine work order. Discussed that LNFH's and DON calculations are not aligned since LNFH's calculations do not follow the Memorandum of Agreement in place. Discussed NAVFAC SE's position and recommended action and requested reply/position by a specific date. | Deliberative Process/ Predecisional | Same as above. |
| | | 4-11-23 to 4-13-23 | NAVFAC LANT | NAVFAC HQ/PPV Director | | Internal discussion on needed alignment at all NAVFAC echelons of rationale and recommended incentive fees earned due to difference between DON's recommended fees and the Partner's proposal. Discussed LNFH's application of force majeure across criteria that do not have force majeure provisions or don't meet standards for relief. Discussed each criterion where a disconnect exists and the rationale of DON's position. Disclosed fees earned by Property Manager in the previous years for reference. These communications provided the approval chain of approval of both civil and military employees which assures protected interests are met and oversight is proper. Received response from HQ PPV on the issue. | | |
| 44 | Email chain | 5-5-23 | Supporting Commands Region employee | NAVFAC SE | 8 | Duplicate of Document #43. Internal discussion on PMIF assessment. These emails have the internal approval chain of decisions within the DON. | | Same as above |
| 45 | Email communication | 9-14-22 | NAVFAC SE employee | McKelvey | 8 | Internal discussion on whether the DON should deny LNFH direct contact with NAVFAC SE's legal counsel since the entity is represented by counsel on the matter to be discussed. A candid opinion of employee was expressed in this communication as for the reasons behind the request by the Managing member. | Deliberative process | Release of an employees candid opinion on a particular issue related to LNFH's motives to dispute all of DON's decision will negatively affect the willingness of agency personnel to engage in forthright discussions and would discourage employees from honestly reporting concerns, thereby lowering the quality of DON's oversight and agency decisions. |

| 46 | Email chain | 2-15-23 | NAVFAC SE employee | NAVFAC SE Team | 8 | Internal discussion among NAVFAC SE Team on review of 2021 Performance Incentive Management fee request submitted by LNFH, in particular discussed the following: request unsupported and does not provide back-up data; corrections are needed; realignment of criteria which does not align with the agreement in place and demands of specific scoring on the following criteria: preventive maintenance, expense management, and DON discretionary scoring. Communication included a copy of email exchange with LNFH dated 2-10-23 on Performance Incentive Fees. | Deliberative/ Predecisional | Documents withheld reflect the opinions of DON employees and do not reflect the agency's final decision. Should the withheld documents be released it will hinder frank discussions on matters of MHPI policy and protected interests of the MHPI program between superiors and subordinates since employees might hesitate to express unpopular, controversial, and preliminary views in writing knowing that their internal discussions would be released to the public. Furthermore, it would undermine future agency deliberations. |
|----|----|----|----|----|----|----|----|----|
| 47 | Email chain | 2-15-23 | NAVFA SE employee | NAVFAC SE team | 8 | Duplicate of Document #46 | Deliberative/ Predicisional | Same as above. |
| 48 | Email chain with attachment | 2-3-23 | NAVFAC SE Employee | NAVFAC SE team | 8 | Internal discussion of PMIF DON discretionary criteria and recommended award by PM/QA and Region. Discussed recommended % to be awarded, rationale, and back up information. | Deliberative/ Predicisional | Documents withheld reflect the opinions of DON employees and do not reflect the agency's final decision. Should the withheld documents be released it will hinder frank discussions on matters of MHPI policy and protected interests of the MHPI program between superiors and subordinates since employees might hesitate to express unpopular, controversial, and preliminary views in writing knowing that their internal discussions would be released to the public. Furthermore, it would undermine future agency deliberations. |
| 49 | Email chain with attachment | 1-12-23 | NAVFAC SE employee | NAVFAC SE Team and Region/ Installation employee | 8 | Discussion of HQ/LANT ask re: rating matrix for the DON PMIF discretionary criteria for Jan-Dec 2021. Discussed and set out plan of action to review reports pertaining each criterion and the data that could be evaluated to determine award percentage. | Deliberative/ Predicisional | Documents withheld reflect the opinions of civilian and military DON employees and do not reflect the agency's final decision. Should the withheld documents be released it will hinder frank discussions on matters of MHPI policy and protected interests of the MHPI program between superiors and subordinates since employees might hesitate to express unpopular, controversial, and preliminary views in writing knowing that their internal discussions would be released to the public. Furthermore, it would undermine future agency deliberations. |
|    |    | 1-26-23 | Region Installation employee | NAVFAC SE Team |    | Provided Region/Installation Command analysis and rationale for DON discretionary criteria. |    |    |
| 50 | Email chain | 7-14-21 | Housing Director OASN EI&E | CNIC/PPV Director/DASD (H) | 9 | Internal discussion on LNFH's proposed loan from long-term reserves and project's ability to fund future insurance premiums and need to include this issue on the Quarterly MHPI Office of the Secretary of Defense (OSD) review. Communication forwarded for action to HQ PPV Director/NAVFAC SE/CNIC for action. | Deliberative Process | Release would harm the Agency's ability to perform oversight of the use of reserve accounts, conduct financial monitoring of the project's operational accounts, and apply tools to protect the project sustainability. It would also reveal internal approvals, recommendations, and intra-agency discussions among different levels in the DON structure. If released it would reduce the flow of honest, diverse opinions and will impair the agency's ability to fully weigh the merits and drawbacks of possible actions. |
|    |    | 7-15-21 | McKelvey | NAVFAC HQ |    | Internal discussion sharing opinion on Project's operating funds and Project's reserve balances which currently exceeds property insurance deductible. |    |    |

| | | 7-16-21 | McKelvey | NAVFAC SE Team | | Internal discussion \with OSD/NAVFAC HQ/CNIC regarding OSD interest in Project risk. | | |
|---|---|---|---|---|---|---|---|---|
| 51 | Email chain | 12-1-20 | McKelvey on behalf of NAVFAC SE CO | NAVFAC LANT Team/NAVFAC SE/CSO Team- civilians and active duty | 9 | Internal Discussion on LNFH request of PRA Funds ($1M) to cover Hurricane Zeta since Partner reported that damages did not meet the $2.1M insurance deductible and project needed immediate funding to address damages. Analysis of current PRA balance as of Sep 2020. | Deliberative Process/ Predecisional | Release of withheld documents would expose frank, predecisional staff viewpoints and recommended course of action, stifling internal "policy" debate and potentially signaling future government strategy to outside stakeholders before any decision is final. |
| | | 1-25-21 | NAVFAC LANT employee | NAVFAC LANT CO | | Internal discussion of analysis and rationale to consent to release of Project's PRF funds (subject to repayment as a loan) and transfer to the Project's Operating Account to cover clean up and repairs after the passing of Hurricane Zeta. Discussed insurance coverage may be triggered by the extent of damage and cost of additional repairs which will enable the Project to replenish the funds disbursed. Internal discussion requested approval up the chain of command. | | |
| | | 1-29-21 | NAVFAC LANT CO | McKelvey | | Internal discussion of consent letter to be issued. | | |
| | | 2-3-21 | NAVFAC LANT CO | McKelvey | | Internal discussion of consent letter to be issued. | | |
| | | 2-4-21 | McKelvey | NAVFAC LANT/NAVFAC SE/ CSO | | Internal discussion of language used on consent letter. | | |
| | | 2-9-21 | NAVFAC LANT CO | NAVFAC SE CO | | Continued internal discussion on consent letter and loan terms and repayment. | | |
| 52 | Email chain | 11-6-20 to 11-9-20 | NAVFAC SE employee | CNIC/CNRSE Installation Command | 9 | Internal discussion on request for PRA funds ($1M) to cover cost of repair work associated with the passing of hurricane Zeta. Discussed the need to obtain additional information such as photos that show damage, pre hurricane problems with the units such as water intrusion, and resident displacement. Communication also shows DON's internal procedures to approve PRA disbursements. | Deliberative Process/ Predecisional | Release of withheld documents would expose frank, predecisional staff viewpoints and recommended course of action, stifling internal "policy" debate and potentially signaling future government strategy to outside stakeholders before any decision is final. |
| 53 | Email with attachment | 8-24-21 | NAVFAC SE employee | NAVFAC SE team | 9 | Internal discussion re: draft of First Supplement to 2012 Trust Indenture and Security Agreement to be reviewed and commented on; Discussion on appropriate language to cover additional potential loans that may be needed by the Project; consideration of consequences should an event of default occur. | Deliberative/ Predecisional | Disclosure would reveal the agency's ongoing deliberations and internal financial reasoning, discouraging candor in future communications, weakening the government's ability to negotiate or enforce repayment and potentially signaling unapproved strategies to outside parties. |

| 54 | Email chain with attachments | 9-14-21 | NAVFAC SE CO | NAVFAC LANT RDML and the LANT chain of command/ NAVFAC SE team | 9 | Internal discussion re: LNFH request for disbursement of reserve funding since hurricane Irma damage to the units will not meet or exceed the policy deductible.<br><br>Data that was shared with the NAVFAC LANT chain of command to consider the request for a second PRA fund disbursement was: NAVFAC SE team position on PRA loan repayment agreement and copy of proposed draft of *First Supplement to the Trust Indenture and Security Agreement* which LNFH has failed to execute; DON's final decision letter sent to LNFH on 2-11-21 approving PRA loan of $1M; Requisition Form approving $1M loan for capital repairs; 8-10-21; copy of emails exchanged with LNFH dated 8-9-21; 8-10-21; 8-12-21; copy of email exchange with LNFH on 8-30-21 sharing minutes from August 25, 21 WG call and action item checklist for the next call; copy of internal discussion with TCG on the Trust Indenture and OA amendment scope needed to cover additional loans that could be requested in the future exchanged on 9-7-21. | Deliberative/ Predecisional | Release would harm Agency's ability to perform oversight of the use of reserve accounts, conduct financial monitoring of the project's operational accounts, and apply tools to protect the project sustainability. It would also reveal internal approvals, recommendations, and intra-agency discussions among different levels in the DON structure. Disclosure will reduce the flow of honest, diverse opinions and will impair the agency's ability to fully weigh the merits and drawbacks of possible actions. |
| 55 | Email chain | 10-18-21 | NAVFAC SE LANT | NAVFAC SE CO/NAVFAC LANT AND SE employees | 9 | Internal discussions on LNFH's request for $2.23 M deductible payment; concerns on promises made by LNFH agents to military families displaced from their homes after the hurricane to move them back to their units; potential misuse of CRRA and OPEX funds to cover cost of home repairs; LNFH lack of back up data in support of its loan request; LNFH overspending of their annual CRR and operating funds which is affecting the Project's reserve accounts for the last 2-3 years; Project's failure to request 606 reimbursement since Sep 2020. Further open discussion in the analysis of straight distribution v. loan. Email chain includes communications with LNFH dated 10-6-21 re: NONH sustainment brief; communication dated | Deliberative/Predicisional | Disclosure would reveal the agency's ongoing deliberations and internal financial reasoning, discouraging candor in future communications, weakening the government's ability to negotiate or enforce repayment and potentially signaling unapproved strategies to outside parties. discussions among different levels in the |
| 56 | Email chain with attachment | 10-20-21 | NAVFAC LANT employee | NAVFAC SE/NAVFAC LANT /TCG | 9 | Internal discussion on long term impact to sustainment accounts depending on loan structure; TCG was requested to perform an analysis of impact depending on loan structure; Discussion of impacts to DSCR. TCG provides opinion and analysis (work product attached) on PRF Loan impact on sustainment accounts. | Deliberative/ Predicisional | Disclosure would reveal the agency's ongoing deliberations and internal financial reasoning, discouraging candor in future communications, weakening the government's ability to negotiate or enforce repayment and potentially signaling unapproved strategies to outside parties. Risk of hampering DON's decision making process specially when considerations of use of inappropriate Project funds to cover the cost of home repairs, overspending and depleting their accounts and how management decisions may affect the Project sustainment accounts and other long-term accounts. |

| 57 | Email | 10-26-21 | NAVFAC LANT employee | McKelvey | 9 | Internal discussion on CO's approach on sustainment forecast and distribution of internal authorities. Discussed direct contact by LNFH to LANT although the POC should always be SE BAM. Discussed documents to be requested from LNFH re: construction consultant information and statement of loss | | Release would reveal internal approvals, recommendations, and intra-agency discussions among different levels in the DON structure.  Documents withheld reflect the opinions of DON employees and do not reflect the Agency's final decision. Should the withheld documents be released it would reduce the flow of honest, diverse opinions and will impair the agency's ability to fully weigh the merits and drawbacks of possible actions. |
| 58 | Email chain | 10-1-21 to 10-19-21 | NAVFAC SE employee | CNIC/CNRSE/NAVFAC LANT/NAVFAC SE team | 9 | Internal discussions on providing funds to LNFH in the amount of $2.2M to cover repair costs that are less or equal to the deductible; Discussed internal issues with approval process within the Agency (NAVFAC/CNIC), | Deliberative/ Predicisional | Disclosure would reveal the agency's ongoing deliberations and internal financial reasoning, discouraging candor in future communications, weakening the government's ability to negotiate or enforce repayment and potentially signaling unapproved strategies to outside parties. |
| | | 10-26-21 | McKelvey | CNIC/CNRSE/NAVFAC LANT/ | | Internal discussion re: changed approach agreed with LNFH to request a PRA loan vice ORA loan and provided rationale of change to all stakeholders. | | |
| 59 | Email chain | 10-4-21; 10-22-21; 11-1-21; 11-1-21; 11-3-21 | NAVFAC SE CO | NAVFAC LANT CO/ NAVFAC LANT Team/NAVFAC SE Team/NAVFAC MIDLANT | 9 | Internal discussion among DON active-duty personnel on the processing LNFH's $2.2 M loan request to cover the insurance deductible. Additional communications contain DON active-duty personnel additional communications on the same topic. | Deliberative Process/ Predecisional | Documents withheld reflect the opinions of DON employees and do not reflect the Agency's final decision. Should the withheld documents be released it would reduce the flow of honest, diverse opinions and will impair the agency's ability to fully weigh the merits and drawbacks of possible actions. |
| 60 | Email chain | 11-3-20 | McKelvey | NAVFAC LANT employee/ NAVFAC CSO employee | 9 | Internal discussion on information/data LANT requires/needs to approve PRA request. | Deliberative/ Predicisional | Release would reveal internal approvals, recommendations, and intra-agency discussions among different levels in the DON's structure.  Should the withheld documents be released it would expose agency deliberations undermining effective management of MHPI protected interests. |
| | | 11-30-20 | NAVFAC LANT | McKelvey/NAVFAC CSO Team employee | | Internal discussion re: type of loss; review of insurance policy coverage; more information needed on the deductible that must be met before coverage kicks in; program policy to hold insurance deductible amount in the reserve accounts; consequences of disbursing said amount to the Project and depleting the reserve accounts. | | |
| | | 12-1-20 | McKelvey | NAVFAC SE /NAVFAC LANT/ CSO Team | | Internal discussion on need for a loan if CRR account could cover the cost of repairs. Also discussed the type and nature of the information to be gathered and reviewed; topics to be discussed with LNFH and further evaluation of Project's accounts. | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 61 | Email chain | 1-11-21 | McKelvey | NAVFAC LANT/CSO Team | 9 | Internal discussion on information to be gathered and reviewed like work requirement and cost estimates; cost of consultants to assess damages and losses for potential insurance claims which had not been assessed; status of Project's accounts; discussed the need to engage TGC to determine the impact of straight distribution v. loan. | Deliberative Process | Release would reveal internal approvals, recommendations, and intra-agency discussions among different levels in the DON's structure.  Should the withheld documents be released it would expose agency deliberations undermining effective management of MHPI protected interests. |
| | | 1-12-21 | TCG | NAVFAC SE/LANTCSO Team | | Internal discussion on analysis of distribution of funds options re: Distribution from PRA, loan from PRA, Loan repayment and allow Managing Member to go forward with submitting claim to the insurance company. | | |
| 62 | Email | 1-12-21 | NAVFAC LANT employee | TCG/NAVFAC SE | 9 | Internal discussion of options under evaluation loan v. distribution. | Deliberative/ Predicisional | Disclosure would reveal the agency's ongoing deliberations and internal financial reasoning, discouraging candor in future communications, weakening the government's ability to negotiate or enforce repayment and potentially signaling unapproved strategies to outside parties. |
| 63 | Email | 1-13-21 | NAVFAC SE employee | McKelvey | 9 | Internal discussion on current LNFH position on potential claim to the insurance company, depletion of funds and push back to receiving PRA funds as a loan versus direct disbursement. | Deliberative/ Predicisional | Disclosure would reveal the agency's ongoing deliberations and internal financial reasoning, discouraging candor in future communications, weakening the government's ability to negotiate or enforce repayment and potentially signaling unapproved strategies to outside parties. |
| 64 | Email chain | 10-21-21 | NAVFAC LANT employee | NAVFAC SE Team | 9 | Internal discussion on plan of action to move for PRA loan approval although statement of loss must be received before approving loan. | Deliberative/ Predicisional | Disclosure would reveal the agency's ongoing deliberations and internal financial reasoning, discouraging candor in future communications, weakening the government's ability to negotiate or enforce repayment and potentially signaling unapproved strategies to outside parties. |
| 65 | Email | 12-22-21 | McKelvey | NAVFAC SE Team/TCG | 9 | Internal discussion regarding change of position of LNFH not to repay disbursement of PRA funds. | Deliberative/ Predicisional | Documents withheld reflect the opinions of DON employees and do not reflect the Agency's final decision. Should the withheld documents be released it would reduce the flow of honest, diverse opinions and will impair the agency's ability to fully weigh the merits and drawbacks of possible actions. |
| 66 | Email chain | 1-21-21 | NAVFAC SE employee | NAVFAC LANT/NAVFAC SE/TCG | 9 | Internal discussions regarding revisions and edits to proposed loan language. This email communication has a duplicate of Doc. 51. | Deliberative/ Predicisional | Disclosure of withheld documents would reveal frank internal advice and strategic considerations under active negotiations with Plaintiff. Release of these discussions would likely chill candid internal debate and disadvantage the agency in ongoing negotiations by exposing its evaluation criteria and fallback positions. |

| 67 | Email chain | 12-18-20 | NAVFAC LANT CO | NAVFAC SE CO | 9 | Internal discussion on negotiations with LNFH regarding PRF loan to cover repairs of hurricane Zeta, delegations of authority and discussion on due diligence by the Managing Member on submitting ODP over the years. | Deliberative/ Predecisional | Same as above. |
| 68 | Email chain | 12-2-20 to 12-9-20 | McKelvey | NAVFAC SE Team/NAVFAC LANT/TCG/CSO Team | 9 | Internal discussion of information/data needed to prepare NAVFAC SE Co for conference call with LNFH and potential agenda topics for call that should be proposed for discussion. Discussed pending information that LNFH must deliver. | Deliberative/ Predecisional | Public access to internal strategy memos, concerns or fallback positions would reveal the evolution of the agency's thinking on sensitive matters. |
| 69 | Email chain | 12-2-20 | NAVFAC LANT CO | NAVFAC HQ | 9 | Internal discussion on need to make a deep dive on Project's financials since it is in a better financial situation that other Projects thus analysis is required. | Deliberative/ Predecisional | Release would risk disrupting ongoing internal review, undermining the quality of financial oversight of the Project and interdepartmental advice. |
| 70 | Email chain with attachment | 10-18-21 | NAVFAC LANT | NAVFAC SE | 9 | Internal discussion on request from NAVFAC LANT CO. Email chain includes a duplicate of Doc 38 and a copy of email exchanges between the DON and LNFH dated 9-8-21 and 9-9-21. | Deliberative/ Predecisional | Release would reveal internal approvals, recommendations, and intra-agency discussions among different levels in the DON's structure. Should the withheld documents be released it would chill predecisional discussions, expose agency deliberations undermining effective management of MHPI protected interests. |
| 71 | Email chain | 10-25-21 to 10-26-21 | NAVFAC LANT employee | NAVFAC LANT CO | 9 | Internal discussions of negotiations with LNFH re: disbursement of funds from PRA Funds as a loan. Discussed delegations of authority to approve loan and documents needed to determine delegation of authority for approval of loan. | Deliberative/ Predicisional | Disclosure would reveal the agency's ongoing deliberations and internal financial reasoning, discouraging candor in future communications, weakening the government's ability to negotiate or enforce repayment and potentially signaling unapproved strategies to outside parties. |
| 72 | Email chain | 1-21-21 | McKelvey | CNIC | 9 | Internal discussion on proposed plan for approving PRA loan for $1M and discussion of chain of command approval. | Deliberative/ Predicisional | Disclosure of withheld documents would reveal frank internal advice and strategic considerations under active negotiations with Plaintiff. Release of these discussions would likely chill candid internal debate and disadvantage the agency in ongoing negotiations by exposing its evaluation criteria and fallback positions |

| 73 | Email chain | 1-14-21 | McKelvey | NAVFAC LANT/CSO Team/TCG | 9 | Internal discussion of TCG financial analysis of the loan impacts. This email includes a copy of email exchanged between LNFH and DON dated 1-13-21. | Deliberative/ Predicisional | |
| | | 1-15-21 | NAVFAC LANT employee | NAVFAC SE/CSO Team/TCG | | Internal discussion of long-term impacts to the Project; discussed approval process and current financial status of the project. | | |
| 74 | Email chain | 12-21-21 | NAVFAC LANT employee | McKelvey | 9 | Internal discussion on PRA loan repayment agreement and LNFH's stalling tactics not to execute | | Same as above. |
| 75 | Email chain | 1-13-21 | CNRSE/ Region employee | NAVFAC SE Team | 9 | Internal discussion with CNIC/CNRSE (supported commands) re: PRA Loan and concerns for the military families that live in the Project | Deliberative/ Predicisional | Release would reveal internal approvals, recommendations, and intra-agency discussions among different levels in the DON structure. Documents withheld reflect the opinions of DON employees and do not reflect the Agency's final decision. Should the withheld documents be released it would reduce the flow of honest, diverse opinions and will impair the agency's ability to fully weigh the merits and drawbacks of possible actions. |
| 76 | Email chain | 7-6-23 | McKelvey | NAVFAC HQ/NAVFAC LANT/NAVFAC SE team/ NAVFAC attorneys Edna M. Tejeda Oyola and Luke Killam | | Internal discussion of matrix of open items and status and extrajudicial claim; NAVFAC LANT request to NAVFAC SE attorneys to evaluate NONH business agreement in light of LNFH's attorneys' letter and the response provided by attorney Luke Killam. Document includes a copy of email communication exchanged with LNFH's legal counsel dated 7-5-23 with a matrix of open items and status and a letter. | Attorney-Client Communicat-ion/ Attorney Work Product and Deliberative process | Release would harm the legal interest of the agency as well as reveal the agency's legal strategy. |
| 77 | Email Commun- ication | 1-4-22 | McKelvey | NAVFAC SE employee | 9 | Internal discussion among NAVFAC SE employees regarding potential dispute of NAVFAC's decision to provide funds as a PRA Loan vice a direct distribution to the operating account. | Deliberative/ Predicisional | Release would harm the agency's deliberative process in determining agency's legal interest and impact on MHPI program and policy. Should the withheld documents be released it will hinder the quality of agency decision because the prospect of disclosure would make staff less likely to write honestly and fully develop ideas, weakening decision making process. |
| 78 | Email | 1-4-22 | McKelvey | NAVFAC SE employee | 9 | Duplicate of Doc. 77 | Deliberative/ Predicisional | Same as above |

| 79 | Email chain with attachment | 4-17-23 | TCG | NAVFAC SE team | 1,6 | Internal discussion of TCG provided financial analysis and made recommendations on the Project's cashflow analysis. Copy of communications with LNFH dated 3-30-23 and 3-31-23; 4-17-23 re: insurance renewal | Deliberative/ Predicisional | Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment about management failures, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental advice. |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 80 | Email | 1-4-22 | NAVFAC SE employee | NAVFAC SE CO | 9 | Internal discussions on PRA loan and LNFH's intent to dispute DON's decision to provide funding for IDA repairs as a PRA loan and dispute loan provided to cover ZETA repairs after receipt of funding and oral agreement reached. | Predecisional/ Deliberative | Should the withheld documents be released it would reduce the flow of honest, diverse opinions and will impair the agency's ability to fully weigh the merits and drawbacks of possible actions. |
| 81 | Email chain with attachment | 5-12-23 to 5-18-23 | McKelvey | PPV Director/ NAVFAC HQ/NAVFAC LANT/TCG and NAVFAC SE attorneys | 1, 2,6 | Internal discussion of MORA Request dated 5-10-23, discussed LNFH's proposed addendum to the OA which does not contemplate repaying MORA requested; discussed draft of dissatisfaction letter proposed to be sent to LNFH. This document includes a copy of emails exchanged between LNFH and DON dated 5-10-23, 5-11-23, 5-12-23<br>Draft of Letter of Dissatisfaction to be sent to LNFH re: Insurance deficiency | Deliberative/ Predicisional | Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental advice.<br><br>**With respect to Dissatisfaction Letter:** Release would reveal internal approvals, recommendations, and intra-agency discussions regarding the Project's financials. Documents withheld reflect the opinions of civilian employees and do not reflect the agency's final decision. Should the withheld documents be released it would compromise DON's oversight proceedings which are mandated by Congress and would impair internal discussions and deliberations. |
| 82 | Email chain | 6-16-23 | McKelvey | TCG | 1, 6 | Internal discussion with consultant regarding LNFH's priorities and focus when evaluating potential MORA loan. Discussed the need to have further discussions with LNFH on budget status and trust account waterfall reconciliation, insurance deductible funding and insurance policy coverage and discussed strategy for next meeting with LNFH. Email includes a copy of emails exchanged with LNFH dated 6-9-23, 6-12-23. Also includes communication exchanged with LNFH's legal counsel on 6-13-23, 6-14-23, 6-15-23, 6-16-23. | Deliberative/ Predicisional | Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental advice. |
| 83 | Email chain | 5-9-23 | Scott Forres | McKelvey/TCG | 1 | Internal discussion of LNFH loan request and disagreements that exist between the parties. Copy of email exchanged with LNFH on 5-9-23 were made part of document | Deliberative/ Predicisional | Disclosure would reveal the agency's internal analysis, candid concerns, and risk assessment, chilling future staff candor and undermining the quality of financial oversight of the Project and interdepartmental advice |

| Doc | Type | Date | From | To | R | Subject Matter | Exemption | Foreseeable Harm |
|---|---|---|---|---|---|---|---|---|
| 1p | Email chain with attachment | 6-16-23 | TCG | NAVFAC SE/NAVFAC LANT/CSO Team | 1 & 6 | Internal discussion on request for third MORA/PRF loan; recommended revisions to the OA and the Indenture Agreement. TCG provided revised drafts of the OA and Indenture for discussion.<br><br>The document includes a copy of communications exchange between the DON and LNFH and its counsel on the following dates: 6-9-23; 6-12-23; 6-13-23; 6-14-23; and 6-15-23. | Deliberative Predecisional | Disclosure would reveal the agency's ongoing deliberations and internal financial reasoning, discouraging candor in future communications, weakening the government's ability to negotiate or enforce repayment and potentially signaling unapproved strategies to outside parties. |
| 2p | Email Chain | 5-17-23 | McKelvey | NAVFAC SE CO | 1 | Internal discussion on disagreements that exist between the DON and LNFH in relation to the repayment of the prior PRA loans; structure of a MORA loan to cover insurance premiums; and the need to cut operational expenses. The document includes a copy of email exchanges between the DON and LNFH on the following dates: 5-2-23; 5-5-23; 5-16-23; and 5-17-23. | Deliberative Predecisional | Same as above |
| 3 | Email Chain | 3-28-23 | McKelvey | NAVFA SE/NAVFAC LANT/CSO Team and TCG | 1 | Internal discussions on the 3 different scenarios available to disburse MORA funds as a loan. The document includes a copy of the following email exchanges between the DON and LNFH on the following dates: 3-22-23; 3-23-23; 3-27-23; | Deliberative Process Predecisional | Same as above |
| 4 | Email chain with attachment | 9-14-22 | McKelvey | NAVFAC SE Employee | 8 | Duplicate of Document 38. This document also includes communications exchanged between the DON and LNFH dated 9-14-22. Attachment Internal discussion on agency's employee opinion with respect to topics discussed during a meeting with plaintiff and their counsel. Attachment includes reference to evidence that sustains DON's argument and position in preparation for litigation. Also provides Agency's steps moving forward. | Deliberative Predecisional | Release would reveal internal approvals, recommendations, and intra-agency discussions among different levels in the DON's structure. Documents withheld reflect the opinions of DON employees and do not reflect the agency's final decision. If released, it would chill predecisional discussions, expose agency deliberations undermining effective management of MHPI protected interests. |
| 5 | Email | 9-8-21 | McKelvey | NAVFAC SE Team | 8 | Duplicate of Document 38. This document also includes communications exchanged between the DON and LNFH dated 9-8-22; 9-9-22;9-27-21; and 9-28-21. | Deliberative Predecisional | Same as above |
| 6 | Email | 9-14-22 | NAVFAC SE Employee | McKelvey | 8 | Duplicate of Document 45. This document also includes communications exchanged between the DON and LNFH dated 9-14-22. | Deliberative Predecisional | Release of an employees candid opinion on a particular issue related to LNFH's motives to dispute all of DON's decision will negatively affect the willingness of agency personnel to engage in forthright discussions and would discourage employees from honestly reporting concerns, thereby lowering the quality of DON's oversight and agency decisions. |
| 7 | Email | 9-1-23 | NAVFAC SE Employee | NAVFAC SE Team | 8 | Internal discussions regarding Plaintiff's request to review DON's data on the 2021 Incentive Fee and the employees candid opinion of this request. | Deliberative Predecisional | Release of an employees candid opinion on a particular issue related to LNFH's motives to dispute all of DON's decision will negatively affect the willingness of agency personnel to |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | This document also includes communications exchanged between the DON and LNFH dated 8-10-23; 8-31-2 | | | engage in forthright discussions and would discourage employees from honestly reporting concerns, thereby lowering the quality of DON's oversight and agency decisions. |
| 8 | Email with attachment | 9-27-22 | NAVFAC SE Employee | NAVFAC SE Team | 8 | Internal discussion on Plaintiff's request to add LHS Carve Outs reasons and the analysis made by the NAVFAC SE on what should be the DON's position on it. This document also includes communications exchanged between the DON and LNFH dated 9-26-22. The attachment provides NAVFAC SE employees opinion on the objections raised by the Plaintiff on the LHS carve outs reasons. | | Deliberative Predecisional | Same as above |
| 9 | Email | 4-17-23 | NAVFAC SE XO | McKelvey | 8 | Internal discussion with the NAVFAC SE XO regarding the 2021 Performance Incentive Management Fee request. This document also includes communications exchanged between the DON and LNFH dated 2-10-23; 2-15-23; 2-28-23; 3-1-23; 3-16-23; 3-16-23. | | Deliberative Predecisional | Documents withheld reflect the opinions of civilian and military DON employees and do not reflect the agency's final decision. Should the withheld documents be released it will hinder frank discussions on matters of MHPI policy and protected interests of the MHPI program between superiors and subordinates since employees might hesitate to express unpopular, controversial, and preliminary views in writing knowing that their internal discussions would be released to the public. Furthermore, it would undermine future agency deliberations. |
| 10 | Email Chain | 8-3-22 | McKelvey | NAVFAC SE Team/TCG | | Internal review to determine if the PRA loan requires adjustments to any business agreements. This document also includes communications exchanged between the DON and LNFH dated 8-9-21; 8-10-21; 11-4-21; 6-22-22; 6-24-22; 7-9-22; 7-11-22; 7-28-22; and 7-29-22; 8-2-22. | | Deliberative Predecisional | Revealing tentative agency positions or unresolved MHPI program policy would chill frank internal discussions or inhibit the open exchange of ideas essential for effective oversight. |
| 11 | Email | 5-21-21 5-22-21 | McKelvey | NAVFAC SE Employee | 9 | Internal discussions between NAVFAC SE Team regarding the steps needed to amend the Trust Indenture and the chain of command approval. This document also includes communications exchanged between the DON and LNFH dated 5-21-2021. | | Deliberative Predecisional | Release would harm Agency's ability to perform oversight of the use of reserve accounts, conduct financial monitoring of the project's operational accounts, and apply tools to protect the project sustainability. It would also reveal internal approvals, recommendations, and intra-agency discussions among different levels in the DON structure. Disclosure will reduce the flow of honest, diverse opinions and will impair the agency's ability to fully weigh the merits and drawbacks of possible actions. |
| 12 | Email Chain | 2-4-21 | McKelvey | NAVFAC SE Employee | 9 | Internal discussions between NAVFAC SE regarding long term repairs needed in the Project after hurricane damage and agency's deliberation of | | | Public access to internal strategy memos and risk assessments would reveal the evolution of the agency's thinking on sensitive matters. |